

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

October 9, 1989

Ms. Lynn B. Polson
Acting Executive Director
Department of Information
   Resources
P. O. Box 13564
Austin, Texas   78711

Opinion No.  JM-1107

Re:  Construction of conflict of interest provisions of article 4413(32j), V.T.C.S., which creates the Department of Information Resources (RQ-1802)

Dear Ms. Polson:

On behalf of the Department of Information Resources you request an interpretation of the conflict of interest provisions in section 8 of article 4413(32j), V.T.C.S. This statute, enacted by the 71st Legislature as House Bill 2736, establishes the Department of Information Resources, grants it powers and duties formerly vested in the Automated Information and Telecommunications Council, and abolishes the council. See Acts 1989, 71st Leg., ch. 788, § 1, at 3569. You are concerned about the following two conflict of interest provisions:

> (a)  A member of the board or an employee of the department may not:
>
> . . . .
>
> (3)  own, control, or have, directly or indirectly, more than a 10 percent interest in a business entity that has a substantial interest in the information resources technologies industry and that may contract with state government;
>
> (4)  receive more than 25 percent of the person's income from a business entity that has a substantial interest in the information resources technologies industry and that may contract with state government . . . .

V.T.C.S. art. 4413(32j), § 8. "Information resources technologies" is defined as "data processing and telecommunications hardware, software, services, supplies,

personnel, facility resources, maintenance, and training."
Id. § 3(4).

The Department of Information Resources was established
to coordinate and direct the use of information resources
technologies by state agencies and to ensure that the most
cost effective and useful methods are implemented. Id. § 1.
To carry out these goals, you state that you must employ
highly trained professionals with expertise in various areas
of computer technology. Many of these individuals have
worked in the private sector.

You are concerned about the effect of section 8(a)(3)
on your employment of persons who may have acquired stock in
their former employers through pension and stock ownership
plans. You also ask whether this section prohibits the
department from employing individuals whose parents have
partial ownership in such businesses.

Section 8(a)(3) applies if an employee owns more than a
10 percent interest in a business entity that has "a sub-
stantial interest in the information resources technologies
industry" and that "may contract with state government."
Your questions relate only to the person's ownership
interest in a business entity, and not to the magnitude of
the entity's interest in the industry or the possibility
that it may contract with the state. Nor do we address
these aspects of sections 8(a)(3) and 8(a)(4), except to
point out that these conditions must also exist for an
individual's employment to be barred.

Section 8(a)(3) applies to persons who "own, control,
or have, directly or indirectly, more than a 10 percent
interest" in the described business entity. V.T.C.S. art.
4413(32j), § 8 (emphasis added). This is expansive
language, and in our opinion it includes stock acquired by
the person through an employees' pension or stock ownership
plan. The individual's interest in the stock gives him a
personal stake in the former employer's economic welfare,
and creates a risk of divided loyalties if he were employed
by the department. Accordingly, when you determine whether
an applicant or employee has more than a 10 percent interest
in a business entity under section 8(a)(3), you must count
stock in former employers acquired through pension and stock
ownership plans.

We find no provision of law that attributes to an indi-
vidual a parent's ownership interest in a business entity.
Prior opinions of this office dealing with an analogous
question indicate that the parent's interest should not be
attributed to a child. Attorney General Opinion H-354

(1974) determined that the commissioners court of a county could purchase fuel from a corporation owned by a brother of one of the commissioners. The county was prohibited by law from entering into a contract in which a commissioner had a direct or indirect pecuniary interest, but, the opinion stated, "the mere relationship of two brothers is not, in and of itself, sufficient to establish the prohibited interest." Attorney General Opinion H-354 at 3. See also Attorney General Opinion O-2856 (1940); Letter Opinion 88-44 (1988). The fact that an applicant's or employee's parent owns an interest in a business does not mean that the applicant or employee would "own, control, or have" that interest. In the absence of other facts showing that a person actually owns or controls a parent's interest in a business entity, the parent's interest should not be included in determining whether the person owns, controls or has more than a 10 percent interest in a particular business entity.

You ask whether section 8(a)(3) prohibits the department from employing individuals whose spouses have partial ownership in a business entity with a "substantial interest in the information resources technologies industry and that may contract with state government." With respect to section 8(a)(4), you ask whether community property laws apply in determining whether an individual receives more than 25 percent of his income from this kind of business entity.

Prior opinions of this office have considered community property laws in addressing questions of conflict of interest under particular statutes or common law rules. See Attorney General Opinion JM-817 (1987) (university regent has a personal pecuniary interest in spouse's salary from corporation and income from his ownership interest); Attorney General Opinion JM-126 (1984) (state officer's community interest in her husband's salary does not constitute a "substantial pecuniary interest" in the facility that employs husband). On the basis of these opinions, we conclude that you should consider community property laws in applying sections 8(a)(3) and 8(a)(4).

You have not asked us about the application of the conflict of interest provisions to a particular case involving community property interests. Whether specific individuals are barred from working for the department must be resolved on a case-by-case basis, by applying the community property laws to the facts of each case. See, e.g., Fam. Code ch. 5.

You do not ask, and we do not address, any constitutional issue, either with respect to composition or to duties. You inquire only about statutory construction. <u>See</u> Attorney General Opinion JM-872 (1988).

## S U M M A R Y

In applying the conflict of interest provisions found in sections 8(a)(3) and 8(a)(4) of article 4413(32j), V.T.C.S., the Department of Information Resources should consider an employee's community property interest in his spouse's interests in or income from "a business entity that has a substantial interest in the information resources technologies industry and that may contract with state government." Whether specific individuals are barred from working for the department must be determined on a case-by-case basis. An applicant's or employee's stock in a business entity acquired while an employee of the business through a pension or stock ownership plan should also be counted in determining that individual's ownership interest. A parent's interest in a business entity should not be attributed to an individual, unless the facts show that he actually controls it.

Very truly yours

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General